IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED NEUROLOGY, P.A. AND ATHARI REAL ESTATE LTD., § § § Plaintiffs, § § VS. § § HARTFORD LLOYD'S INSURANCE CO., § § Defendant. § | CIVIL ACTION H-10-4248 |

**OPINION AND ORDER FOR APPRAISAL, ABATEMENT,**

**AND ADMINISTRATIVE CLOSURE**

Pending before the Court in the above referenced cause, arising out of damage to Plaintiffs United Neurology, P.A. and Athari Real Estate Ltd.'s property during Hurricane Ike, is Defendant Hartford Lloyd's Insurance Company's ("Hartford's") motion to compel appraisal and for the Court to stay and/or abate the remainder of the proceedings until appraisal is complete (instrument #19).

Plaintiffs' Insurance Policy with Hartford contains an Appraisal Clause which requires the parties, upon written demand, to submit to the appraisal process if they fail to agree on the "amount of loss," a clause which Defendant has invoked. In *State Farm Lloyds v. Johnson*, 290 S.W. 3d 866 (Tex. 2009), the Texas Supreme Court held that this Court has the authority to and must order compliance with the Policy's Appraisal Clause, which is a

condition precedent to suit against Hartford[1] and the parties' contractually guaranteed mechanism for resolution of disputes regarding the amount of loss. Moreover, because the clause binds the parties, if Hartford satisfies the appraisal award, Plaintiff's breach of contract and bad faith claim will be subject to dismissal, so this Court should abate the suit until the appraisal process is completed.

Plaintiffs do not oppose appraisal, but argue that abatement is improper during appraisal and urge that discovery proceed so that once the appraisal award is rendered, the case can be tried. *In re Universal Underwriters of Texas Ins. Co.*, 345 S.W. 3d 404, 412 n.5 (Tex. 2011)("[T]he proceedings need not be abated while the appraisal goes forward."), *citing In re Allstate Cnty. Mut. Ins. Co.*, 85 S.W. 3d 193, 196 (Tex. 2002). They further assert that because the dispute here involves both coverage and valuation disputes, the Court should stay the valuation issue and proceed with the coverage issue. *Glenbrook Patiohome Owners Ass'n v. Lexington Ins. Co.*, No. Civ. A. H-10-2929, 2011 WL 666517, *10 (S.D. Tex. Feb. 14, 2011)(where "there are issues of both coverage and of loss valuation," "the part of the litigation that involves loss valuation is appropriately stayed. The part of the litigation that involves coverage issues, however, should continue pending

---

[1] *In re Slavonic*, 308 S.W. 3d 556, 564-65 (Tex. App.--Houston [14th Dist.] 2010).

appraisal.").[2]  Because Hartford's adjuster and engineer found damage to Plaintiffs' building that they said was not attributable to Hurricane Ike, abatement of the causation and coverage issue should be denied. *EDM Office Services, Inc. v. Hartford Lloyd's Ins. Co.*, Civ. A. H-110-3754, 2011 WL 2619069, *1, 6 (S.D. Tex. July 1, 2011)(because dispute involved both valuation and coverage issues, the part of the litigation involving coverage "should continue pending appraisal").

Plaintiff also argue that the appraisal clause[3] is not a condition precedent, but a mere covenant[4] because it uses the

---

[2] But see *Mozlan, Inc. v. United Fire and Cas. Co.*, Civ. A. No. H-09-01045, 2009 WL 2215092, (S.D. Tex. July 23, 2009)(where there was a coverage dispute over property lost business income, doing appraisal of the amount of damage first could eliminate spending unnecessary time in litigation); *Dike v. Valley Forge Ins. Co.*, 797 F. Supp. 2d 777, 786 (S.D. Tex. 2011)(granting motion to compel appraisal and staying remainder of case); *Johnson*,290 S.W. 3d at 895 ("Unless the 'amount of loss' will never be needed . . . appraisals should generally go forward without preemptive intervention by the courts); *Universal Underwriters*, 345 S.W. 3d at 407 ("Appraisals can provide a less expensive, more efficient alternative to litigation . . . .").

[3] The clause in Plaintiffs' Policy reads in relevant part, "If we and you disagree on the amount of loss (or net income or operating expense, as regards to Business Income Coverage), either may make written demand for an appraisal of loss."

[4]  The Texas Supreme Court explains the difference:

> "A condition precedent is an event that *must* happen or be performed before a right can accrue to enforce an obligation." . . . A covenant, as distinguished from a condition precedent, is an agreement to act or refrain from acting in a certain way.  Breach of a covenant may give rise to a cause of action for damages, but does not affect the remaining provisions of the contract

conditional "if" and "may," and thus abatement is an improper remedy at law. Instead damages is the remedy for a breach of covenant. Thus they ask the Court not to abate their extra-contractual and statutory claims during the appraisal process.

In reply, Hartford insists that the Court had discretion whether to abate the case during the appraisal process. It attaches copies of a number of cases demonstrating where judges in this district have abated entire cases pending appraisal. Moreover because Hartford has invoked the appraisal condition, as the Texas Supreme Court has held, it is a mandatory condition precedent to liability. *In re Slavonic*, 308 S.W. 3d at 564-65 (If the insurance policy "specifically provides that all requirements of the policy must be met before suit may be filed," then appraisal is a condition precedent to the suit."). Here under "Section I Conditions," paragraph 11 provides "No suit or action can be brought against us unless the policy provisions have been complied with . . . ."

After reviewing the record and the applicable law, in its sound discretion this Court finds abatement appropriate while the

---

unless the breach is a material or total breach. Conversely, if an express condition is not satisfied, then the party whose performance is conditioned is excused from any obligation to perform. [citations omitted]

*Solar Applications Engineering, Inc. v. T.A. Operating Corp.*, 327 S.W. 3d 104, 108 (Tex. 2010).

appraisal process goes forward.  Accordingly, the Court

ORDERS that Hartford's motion to compel appraisal and abate the remaining proceedings is GRANTED.  The non-appraisal portion of this case is STAYED and ADMINISTRATIVELY CLOSED.  Leave is GRANTED to any party to move to reinstate this case on the Court's active docket after completion of the appraisal.

**SIGNED** at Houston, Texas, this  8th  day of  February , 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE